LENSEY CORPORATION, Plaintiff-Appellee, *v.* PETER WONG, Defendant-Appellant.

Third District   No. 79-542

Opinion filed April 23, 1980.

Dean L. Sutton, Bruce H. Bornstein, and Jean A. Becker, all of Western Illinois Legal Assistance Foundation, of Rock Island, for appellant.

Jack Nathan, of Spector, Tappa, Kopp & Nathan, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a money judgment entered in a forcible entry and detainer suit to recover rent and possession of a leased single family residential dwelling. Peter Wong, the tenant, filed an answer and an affirmative defense based on breach of an implied warranty of habitability.

At trial, Mrs. Ivy Wong testified that she and her husband moved into the house on January 25, 1978. There were many problems with the house: the foundation leaked; the kitchen and bathroom faucets leaked; the doors and locks were not properly fitted; there was a one-inch gap between the bottom of the front storm door and the door sill; the stairs to the second floor had weak spots; the light switch in the pantry had a short in it; and the front and rear porches were sagging and lacked support. Requests to Lensey Corporation for repairs were ignored or the repairs were poorly made. On May 16, 1979, notice was sent to Lensey that rent would be withheld unless proper repairs were made.

Harold Sedrel, chief housing inspector for the city of Rock Island, and Joe Woods, a housing inspector, testified that many housing code violations were found during an inspection on May 17, 1979. Lensey was informed of the violations and asked to correct them by July 23, 1979. Sedrel also testified that prior inspections of the house had shown numerous violations. If the Wongs moved out of the house, it would be a violation of the housing code to re-rent the premises before the violations were corrected.

Leonard Dalkoff, president of Lensey, testified that many repairs had been made but because the Wongs were frequently absent from the

home, repairmen were unable to gain entry for the purpose of making further repairs.

No evidence of the fair market rental value of the premises was presented by either party. The trial court found that there was no implied warranty of habitability in leases of single-family dwellings and that an entire month's rent was due. The court awarded Lensey judgment in the amount of $225.00 and possession of the premises within 30 days.

On appeal, Wong raises the following issues: (1) whether the implied warranty of habitability applies to the lease of a single-family residential dwelling; (2) whether the tenant's obligation to pay rent is dependent on the landlord's compliance with the implied warranty of habitability, thereby allowing the tenant to withhold rent when the warranty of habitability is breached; (3) whether the trial court's finding that full rent was due was against the manifest weight of the evidence.

Lensey failed to file an appearance or a brief in this matter. We will, nevertheless, consider the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1977), 47 Ill. App. 3d 699, 365 N.E.2d 66.

In 1972 our supreme court held that a warranty of habitability is implied in all contracts, whether written or oral, governing the tenancies of occupants of multiple-unit dwellings. *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208.

In 1979 the First District considered whether the implied warranty of habitability should be extended to leases of single-family dwellings (*Pole Realty Co. v. Sorrels* (1979), 78 Ill. App. 3d 361, 397 N.E.2d 539), and found that the holding in the case of *Spring* as to implied warranty of habitability was also applicable to the leases of single-family dwellings. This court will not set forth the reasoning of the reviewing court in the case of *Pole Realty*; however, we do approve of and subscribe to it.

Wong has asked us to further extend the contractual analysis of the landlord-tenant relationship to allow general contract remedies to tenants, including the right of rent withholding.

The Illinois Supreme Court in *Spring* refused to alter the long-established rule that liability for rent continues so long as the tenant retains possession of the premises (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208), regardless of the landlord's breach of warranty. The court did not, however, preclude the tenant from attempting to prove that damages suffered as a result of the breach of warranty equalled or exceeded the rent claimed to be due. We believe this to be the proper rule.

Wong also argues that the decision of the trial court was contrary to the manifest weight of the evidence. We need not consider this issue since

we have recognized that implied warranty of habitability applies to the leasing of single-family dwellings. A reversal of the trial court's decision is necessary, since it is evidence that such warranty was breached. At the trial court level there was no evidence presented as to the fair market rental value of the premises and it is necessary that this case be remanded for the purpose of making the determination of rental value after receiving evidence on the question.

For the reasons stated above, the judgment of the trial court is hereby reversed and the cause remanded for hearing consistent with this opinion.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.